MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorney for W. Donald Gieseke
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

BK-N- 24-50854-hlb
CHAPTER 7

IN RE

RAYMOND E. MALLETT, MARILEE M. HUNT-MALLETT,

NEGATIVE NOTICE

Debtor(s).
_____/

## APPLICATION OF ESTATE TO EMPLOY SPECIAL COUNSEL

Chapter 7 Trustee, W. Donald Gieseke, by and through his attorney, Michael Lehners, Esq., files the following Application to employ Matthew L. Sharp, Esq. as special counsel under 11 U.S.C. §327(e).

**1. Background**

The Debtors filed the instant bankruptcy on August 28, 2024. Before the bankruptcy was filed. Ms. Hunt-Mallett had borrowed her mother's car. She caused an accident that injured Alisha Fennelly. The automobile driven by Ms. Hunt-Mallett belonged to and was insured by her mother. The insurance carrier was Allstate.

Ms. Fennelly filed a lawsuit against Ms. Hunt-Mallett in the Second Judicial District Court on November 12, 2019. See *Alisha Fennelly vs.*

1

*Marilee Hunt-Mallett*, Case No. CV19-02205. Allstate provided a defense for Ms. Hunt-Mallett.

The Allstate insurance policy had a $50,000 policy limit. Ms. Fennelly made an offer of judgment of $45,999. Ms. Fennelly's medical bills exceeded $50,000. Allstate decided to reject the offer of judgment and took the matter to trial. The jury reached a $2,000,000 verdict, and entered judgment against Ms. Hunt-Mallet for that amount.

The judgment was entered on June 12, 2023.

Because Ms. Fennelly was the prevailing party, her attorney, Stephen Osborne, Esq., filed a memorandum of costs. He also filed a motion for attorney fees on May 19, 2023[1]. Mr. Osborne is seeking an award of his contingency fee of $800,000 or in the alternative $190,125.00, which is a lode star approach.

This bankruptcy was filed before the Court could rule on Mr. Osborne's motion. On July 12, 2023 Ms. Hunt-Mallett filed her notice of appeal with the Supreme Court. On July 24, 2024 Ms. Hunt-Mallet filed a motion for a stay of execution. On August 28, 2024 Ms. Hunt-Mallet filed a notice of automatic stay with the District Court.

**2.   Authority**

11 U.S.C. §327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

Fed. R. Bank. Pro. 2014 requires the application to state:

---

[1] What appears to be a duplicate of this Motion was filed on June 13, 2023

2

A. The specific facts showing the necessity for the employment,

B. The name of the person to be employed,

C. The reasons for the selection, the professional services to be rendered,

D. Any proposed arrangement for compensation, and,

E. All of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Mr. Sharp has extensive experience in the area of insurance bad faith litigation. In fact, he has been employed as special counsel for Mr. Gieseke in a prior case along with Curtis Coulter, Esq. Please see *In re Anthony and Amy Robinson*, BK-N 12-52527-btb. Mr. Sharp filed his employment application and declaration on February 25, 2016, ECF 104 & 105. An order was entered approving his employment on February 25, 2016 (ECF 106).

Since insurance bad faith litigation is a highly specialized area, special counsel is needed, and Mr. Sharp has the experience.

Mr. Sharp will undertake representation of the Estate's bad faith claim against Allstate Insurance Company including, if necessary, a trial on the merits.

Mr. Sharp shall be compensated on a contingency fee basis. A copy of his contingency fee agreement has been attached as Exhibit "1" to this Application.

Filed concurrently with this Application is the Declaration of Matthew L. Sharp that demonstrates that he is a disinterested party.

3

In light of the foregoing, the Chapter 7 Trustee respectfully requests that this Court enter an Order approving the employment of Mr. Sharp pursuant to the terms in this Application and that he be compensated after notice and a hearing in accordance with his contingency fee agreement, assuming funds are available and no other creditor of equal priority is prejudiced.

Dated: This ___14___ day of ___October___, 2024

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

## Exhibit List

Exhibit 1          Contingency Fee Agreement

# Exhibit 1

# Exhibit 1

## **CONTINGENCY FEE AGREEMENT**

THIS AGREEMENT, made this 14th day of October 2024, by and between Bankruptcy Trustee Donald Gieseke ("CLIENT"), who retains MATTHEW L. SHARP, LTD. ("ATTORNEY")" as follows:

**1.  RETENTION**

CLIENT retains ATTORNEY to represent him in the following matter:

Breach of contract and insurance bad faith claims against Allstate and potential legal malpractice claims involving the representation of Marilee Hunt-Mallett.

CLIENT authorizes ATTORNEY to take all steps necessary to further CLIENT's representation including initiating legal proceedings and retaining expert consultants.

**2.  ADVANCEMENT OF COSTS**

ATTORNEY agrees to advance costs and expenses in the pursuit of CLIENT's claim. ATTORNEY reserves the right to determine which costs and expenses are necessary to pursue CLIENT's claim. The costs advanced by ATTORNEY will include: (1) photocopying costs; (2) postage; (3) court filing fees; (4) jury fees; (5) deposition and court reporter fees; (6) process server and messenger service costs; (7) computer research fees; (8) travel expenses; (9) trial preparation expenses such as costs for exhibits and computer animation; and (10) consultant and expert fees and expenses. For costs incurred by ATTORNEY, CLIENT agrees to pay ATTORNEY interest for all outstanding costs. The interest will be calculated monthly and compounded at prime plus two percent.

3. **PAYMENT OF ATTORNEY'S FEES**

CLIENT agrees to pay ATTORNEY for its services as follows:

1. 35% OF ANY AMOUNT RECOVERED WITHIN 45 DAYS AFTER THE COMPLAINT IS FILED;

2. 40% OF ANY AMOUNT RECOVERED THROUGH THE END OF DISCOVERY OR 60 DAYS BEFORE TRIAL WHICHEVER OCCURS SOONER;

2. 45% OF ANY AMOUNT RECOVERED FROM THE END OF DISCOVERY OR WITHIN 60 DAYS BEFORE TRIAL, WHICHEVER OCCURS FIRST, THROUGH THE COMPLETION OF POST-TRIAL MOTIONS; AND

3. 50% OF ANY AMOUNT RECOVERED AFTER AN APPEAL IS FILED.

4. **CALCULATION OF ATTORNEY'S FEES**

ATTORNEY's fees will be calculated upon gross amounts received without deduction for costs incurred by ATTORNEY. For example,

| | |
|---|---:|
| Settlement before the end of discovery | $1,000 |
| Attorney's fees at 40% | 400 |
| Costs incurred | 100 |
| NET TO CLIENT | 500 |

5. **SETTLEMENT OFFERS**

All settlement offers will be communicated to CLIENT. ATTORNEY will provide his advise regarding the settlement offer. CLIENT has the sole right to approve or reject any settlement offer.

6. **NO WARRANTIES OR GUARANTEES REGARDING OUTCOME**

CLIENT acknowledges that ATTORNEYs has made no guarantee or warranty regarding the success of ATTORNEY's representation. CLIENT understands that ATTORNEY has not

guaranteed any recovery in this action. **CLIENT UNDERSTANDS THAT A SUIT BROUGHT SOLELY TO HARASS OR TO COERCE A SETTLEMENT MAY RESULT IN LIABILITY FOR MALICIOUS PROSECUTION OR ABUSE OF PROCESS.**

7. **CLIENT'S RESPONSIBILITY FOR COSTS IN THE EVENT THE CASE IS NOT SUCCESSFUL.**

IN THE EVENT THE CLIENT'S CLAIM IS UNSUCCESSFUL, THE CLIENT MAY BE LIABLE FOR THE OPPOSING PARTY'S ATTORNEY'S FEES AND COSTS.

8. **WITHDRAWAL**

The parties have the right to terminate this agreement. ATTORNEY may withdraw from the case at any time by giving written notice to CLIENT at CLIENT's last known address. This may occur as examples: (1) if facts are discovered showing the case has no merit; (2) if the case cannot be economically pursued; (3) if CLIENT fails to substantially comply with ATTORNEY's reasonable requests; or (4) if further representation requires ATTORNEY to violate any rule of the Nevada Rules of Professional Conduct. If ATTORNEY terminates this agreement, ATTORNEY will take reasonably practicable steps to protect CLIENT's interests.

9. **ATTORNEY'S LIEN**

CLIENT hereby grants ATTORNEYS a lien on CLIENT'S claim and any cause of action filed thereon to secure payment to ATTORNEY of all sums due under this agreement. CLIENT acknowledges that a reasonable rate for ATTORNEY's services are $350 per hour for the work of Matthew L. Sharp or any other attorney he associates into the case and $100 per hour for any work performed by a paralegal or legal assistant.

10. **ASSOCIATION OF COUNSEL**

CLIENT authorizes ATTORNEY to engage and associate other counsel as ATTORNEY deems necessary. No additional attorney's fees will be charged to CLIENT if additional counsel is associated into the case.

11. **ATTORNEY NOT PROVIDING TAX ADVICE**

There may be tax issues related to any settlement you obtain. CLIENT acknowledges that ATTORNEY has not been retained to give tax advice and that although tax issues may result as part of ATTORNEY's services, Client will seek tax advice from a tax attorney, CPA, or other tax consultant.

DATED this ___ day of _October_ 2024.

_____
CLIENT

_____
ATTORNEY

MICHAEL LEHNERS, ESQ.
NV Bar No.: 3331
429 Marsh Avenue
Reno, NV 89509
P: 775-786-1695
F: 775-786-0799
E: michaellehners@yahoo.com

Attorney for Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

IN RE:

RAYMOND E. MALLETT,
MARILEE M. HUNT-MALLETT,

    Debtor.
_____/

BK CASE NO.: 24-50854-hlb
(Chapter 7)

NEGATIVE NOTICE

**ORDER APPROVING APPLICATION OF
TRUSTEE TO EMPLOY ATTORNEY**

W. Donald Gieseke, Trustee of the estate of the Debtors above named, having filed his application for the approval of his employment of Matthew L. Sharp, Esq., as special counsel to assist him with his statutory duties under the Bankruptcy Code, the court having examined the application and Declaration of Matthew L. Sharp, Esq., and for good cause appearing,

IT IS HEREBY ORDERED that the employment of Matthew L. Sharp, Esq. as Special Counsel for Chapter 7 Trustee, W. Donald Gieseke is hereby approved.

IT IS FURTHER ORDERED that Mr. Sharp shall be compensated at a reasonable rate subject to application and approval from the Bankruptcy Court.

Submitted by:

/s/ Michael Lehners
_____
Michael Lehners, Esq.
Attorney for Trustee
W. Donald Gieseke

# # #